UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH
KC FILED
AUG 28 2007
AUG 28 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Amer Farouq Adib KAMAL<br>(A 79-767-462)<br><br>Plaintiff,<br><br>vs.<br><br>Alberto R. GONZALES,<br>Attorney General of the United States;<br>Michael CHERTOFF,<br>Secretary, Department of Homeland Security;<br>Emilio T. GONZALEZ,<br>Director, U.S. Citizenship and Immigration Services;<br>Ruth DOROCHOFF,<br>District Director, U.S. Citizenship and Immigration Services; and<br>Robert S. MUELLER, III,<br>Director, Federal Bureau of Investigation;<br><br>Defendants. | 07CV4840<br>JUDGE ASPEN<br>MAGISTRATE JUDGE BROWN<br><br>COMPLAINT FOR MANDAMUS<br>AND OTHER RELIEF |

## COMPLAINT

This suit complains that the various Defendants have unreasonably delayed and failed to perform legally required non-discretionary ministerial actions to complete the processing of Amer Kamal's properly filed and approvable application for adjustment of status based on his 2002 marriage to a United States citizen, Lynn Anne Kamal. The application has been pending for over five years.

**Jurisdiction and venue.**

1. The Court has subject matter jurisdiction in this action pursuant to the following statutory provisions: 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361

1

(mandamus jurisdiction). *See Iddir v. INS,* 301 F.3d 492, 499-500 (7th Cir. 2002) ("[t]he relevant statutes and regulations confirm that the INS did have the duty to adjudicate the appellants' applications in a reasonable period of time.")

2. This action also falls under 5 U.S.C. § 551 *et seq.* (Administrative Procedures Act) to compel agency action unlawfully withheld or unreasonably delayed.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e). The Defendants are officers or employees of the United States or agencies of the United States acting in their official capacity. The Plaintiff resides in this district and no real property is involved in this action. The events or omissions giving rise to the claim largely occurred in this district in that the Chicago District Office of the U.S. Citizenship and Immigration Services is responsible for processing the naturalization application and interviewing the Plaintiff.

**Parties.**

4. Plaintiff Amer Kamal is a 30 year old national and citizen of Jordan. He came to the United States initially in 2000 as an international student to attend the University of Idaho. He earned a Masters degree in Industrial Technology Education from the University of Idaho in 2002. Since his graduation, he has worked for some of America's leading technology companies and currently is employed as a Premier Field Engineer by Microsoft Corporation. In this capacity, he provides specialized engineering support to Microsoft customers in the Midwest. He is married with Lynn Anne Kamal, a U.S. citizen, and resides with her within the jurisdiction of this Court.

5. Defendant Alberto R. GONZALES is sued in his official capacity as the Attorney General of the United States. The Attorney General has the sole authority to adjust the status of persons to that of permanent residents of the United States. *See* 8 U.S.C. § 1255.

6. Defendant Michael CHERTOFF is sued in his official capacity as the Secretary of the Department of Homeland Security. The Secretary of Homeland Security is responsible for the administration and enforcement of laws related to the immigration of foreign nationals. *See* 8 U.S.C. § 1103(a)(1)

7. Defendant Emilio GONZALEZ is sued in his official capacity as the Director of the U.S. Citizenship and Immigration Services (USCIS). He is responsible for the administration of the USCIS, the agency under the Department of Homeland Security that adjudicates applications for adjustment of status.

8. Defendant Ruth DOROCHOFF is sued in her official capacity as the District Director of the U.S. Citizenship and Immigration Services ("CIS") for the Chicago District. She is responsible for the administration of the USCIS in the Chicago District pursuant to 8 C.F.R. §§ 310.2, 316.3.

9. Defendant Robert S. MUELLER, III is sued in his official capacity as the Director of the Federal Bureau of Investigation (FBI). He is ultimately responsible to conduct background checks on applicants for adjustment of status when requested by the USCIS.

### Statement of the facts.

10. Mr. Kamal married Lynn Anne Kamal, a United States citizen born in Tacoma, Washington, on May 31, 2002. On August 6, 2002, Mr. and Mrs. Kamal applied with the legacy Immigration and Naturalization Service (INS) to adjust Mr. Kamal's status. They were interviewed on the applications in December 2002, and were told that they could

3

expect to receive Mr. Kamal's permanent resident status and "green card" within six months.

11. In May 2003, the Homeland Security Act transferred the powers of the INS to the Department of Homeland Security and its constituent agencies. Authority over legacy INS adjudications of pending adjustment applications was given to defendant CIS.

12. In July 2003, Mr. Kamal inquired at the Spokane CIS office and was told that his case was pending a background check. In August 2003, Mr. Kamal applied to renew his employment authorization, at which time he was told his adjustment application was still pending an FBI background check.

13. In February 2004, Mr. and Mrs. Kamal relocated to Columbus, Ohio for employment. On April 29, 2004, they were notified that his immigration case file was transferred to the Columbus, Ohio CIS office. In June 2004, Mr. Kamal applied to renew his employment authorization card. In July 2004, he provided new biometric information (i.e. fingerprints and digital photographs) to the CIS office in Columbus in connection with the renewal.

14. On August 2, 2004, Mr. and Mrs. Kamal were interviewed a second time on the pending adjustment application at the CIS office in Columbus. They were told that CIS would grant the application as soon as their file cleared the background check that was pending with the FBI, and that they could expect the approval and green card within one year.

15. Due to CIS delays in processing his employment authorization renewal, Mr. Kamal was forced to take a leave of absence from his job in September 2004, causing financial hardships to Mr. Kamal, Mrs. Kamal and Mr. Kamal's then-employer. Mr. Kamal eventually was granted an interim employment authorization due to the CIS delay (*see 8*

4

*C.F.R. § 274a.13(d)*), but he did not receive his renewed employment card from CIS until January 2005.

16. In February 2005, Mr. Kamal visited the Columbus CIS office. A CIS officer told him that the adjustment application was still pending an FBI background check, but advised him to stop by each month to remind the CIS to check the status of his case.

17. On April 14, 2005, Mr. Kamal requested assistance of Ohio's Congresswoman Deborah Price (OH-15). Despite correspondence with staff aides in that office, neither the Congresswoman nor Mr. Kamal could obtain additional action on his immigration case from the defendants.

18. Between April 2005 and January 2006, Mr. Kamal visited the Columbus CIS office to check on his status every 4-6 weeks. Each time the defendants' agents told him that his case was pending an FBI background check and no additional information was available or needed from him.

19. In February 2006, Mr. Kamal applied to renew his employment authorization. He received his renewal authorization in June2006.

20. In July 2006 Mr. Kamal visited the Columbus CIS office to check on his case status. He provided new fingerprints to the CIS at that time, because the CIS told him that fingerprints expire every 15 months.

21. Due to the defendants' inaction on his application, Mr. Kamal has not been able to travel to visit his parents and family in Jordan since 2001. In May 2006, Mr. Kamal requested authorization to travel outside the U.S., known as an "advance parole" document, while his case was pending. In August 2006, the CIS approved the application, but the approval notice contained a typographical error in his name. Concerned that this could

5

cause confusion and problems with his ability to return to the U.S. after a trip abroad. Mr. and Mrs. Kamal visited the U.S. CIS office in September 2006 to ask about correcting the advance parole document. A CIS officer told them that they would need to submit a new application for advance parole. The CIS officer also told them that the adjustment of status case was still pending a background check.

22. On September 11, 2006, Mr. Kamal had an appointment at the Columbus CIS office. He was again told that his application was still pending an FBI background check.

23. In October 2006, Mr. Kamal requested assistance from Ohio Senator George Voinovich's office. As before with their request for congressional assistance, they have received no action from the defendants.

24. On February 15, 2007, Mr. Kamal applied for a renewal of his employment authorization document. On March 9, 2007, the CIS again fingerprinted him in connection with this application.

25. Mr. and Mrs. Kamal moved to Chicago, Illinois on May 1, 2007 as a condition of his employment with Microsoft in Chicago. They filed formal change of address forms (Forms AR-11 and I-865) with defendant CIS. On June 8, 2007, Mr. and Mrs. Kamal appeared for a CIS "InfoPass" appointment to investigate the delay of his employment authorization document and adjustment application. A CIS officer informed them that he could not provide Mr. Kamal with interim employment authorization, that he would need to wait but could continue working even on the expired authorization. Despite this erroneous advice, Mr. Kamal's employer, Microsoft, properly placed him on a leave of absence due to his not having a current employment authorization document due to

defendant CIS's delay. According to his field manager with Microsoft, the financial loss related to Mr. Kamal's leave of absence was in excess of $ 111,000.00.

26. On June 18, 2007, Mr. Kamal went for an appointment at the Chicago CIS office to request that it expedite the processing of his employment authorization document or provide him with interim authorization, since his application was pending for over 90 days. A CIS information officer refused to assist him and stated that her duties were only to tell him if the case were approved, denied or pending.

27. On July 17, 2007, Mr. Kamal's attorney notified him that a request to expedite his employment authorization had been denied on the grounds that he did not have an emergency. Microsoft Corporation continued to place him on unpaid leave. Microsoft did arrange for an appointment at a USCIS office in Seattle on July 23, 2007, and that office arranged to obtain an interim employment authorization document, which was finally received on August 2, 2007, after five months of processing.

28. On July 27, 2007, Mr. and Mrs. Kamal sought constituent assistance from Illinois Senator Barack Obama's office. On July 30, 2007, they sought assistance from U.S. Representative Jan Schakowsky's office. To date, they have received no replies to their inquiries from any of the defendants.

29. Mr. Kamal has exhausted his administrative remedies and has no hope that the defendants, after five years since he applied for adjustment of status, will ever complete administrative processing of his application. He is suffering ongoing hardships that include: being forced to continually apply for extensions of employment authorization; being placed on unpaid leaves of absence when defendant CIS is unable to timely process the extensions; being repeatedly fingerprinted and having to pay endless filing fees to the

defendants; being unable to travel due to the defendants' errors in issuing his advance parole document or completing the processing on his adjustment application; and being deprived of the benefits of lawful permanent resident status, including accruing time to apply for naturalization as a U.S. citizen and being secure in his person and home from the threat of removal from the U.S. due to his not having any secure status in the U.S.

**Causes of action.**

Count 1: Mandamus - For completion of background checks and adjudication of adjustment of status application.

30. This cause of action is brought against Defendants Gonzales, Chertoff, Gonzalez, Dorochoff, and Mueller as officials who are responsible for processing Mr. Kamal's application for adjustment of status and/or completing the background check in his case.

31. Mr. Kamal has established that: (1) he has a clear right to have his adjustment of status application adjudicated within a reasonable amount of time; (2) the Defendants have a clear duty to complete his background checks and adjudicate his application within a reasonable amount of time; and (3) no other adequate remedy is available. *See Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002).

32. Mr. Kamal is statutorily eligible in all respects to have his adjustment of status application approved. He has no criminal background, and he has repeatedly provided the Defendants with his fingerprints. The defendants have no substantive reason to deny or further delay the adjudication of his application.

33. Defendants owe a duty to Mr. Kamal to complete his background check and process his application in a timely manner. Mr. Kamal has the right to have this background check completed and to receive a decision on his adjustment of status application in a timely manner. Completing the background check and adjudicating the application are

8

ministerial acts that do not involve the exercise of discretion. Defendants have the ability to complete these acts quickly there is no reason for defendants to continue to delay completing them.

34. Defendants are violating their duty by refusing to complete Mr. Kamal's background check in a reasonable amount of time, by failing to communicate the results of such background checks to the USCIS, and by failing to proceed with the adjudication of his application for adjustment of status.

35. Mr. Kamal has exhausted all available administrative remedies and sought to resolve the matter informally with Defendants as described in paragraphs 12-28.

Count 2: Administrative Procedures Act - Request for completion of background checks and adjudication of adjustment of status application application within a reasonable time period.

36. Mr. Kamal's second cause of action arises under the Administrative Procedures Act (APA). *See* 5 U.S.C. § 551 *et seq*. Defendants have unreasonably delayed his case, have failed to complete the necessary background checks in his case, and have failed to adjudicate his adjustment of status application. *See* 5 U.S.C. §§ 555(b) ("...within a reasonable time, each agency shall proceed to conclude a matter presented to it.") and 706(1) (authorizing a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed").

37. On information and belief, the USCIS's own internal policies restrain it from either proceeding or adjudicating Mr. Kamal's application until the FBI has completed its investigation. But the Immigration and Nationality Act's provisions do not require Mr. Kamal to wait an indefinite amount of time to have his adjustment application adjudicated. *See e.g. Iddir v. INS*, 301 F.3d 492, 499-500 (7th Cir. 2002) (holding that "[t]he relevant statutes and regulations confirm that the INS did have the duty to

adjudicate the appellants' applications in a reasonable period of time."); *Tang v. Chertoff et al.*, 2007 U.S. Dist. LEXIS 46030 (D. MA, June 26, 2007); *Ibrahim v. Chertoff et al.*, 2007 U.S. Dist. LEXIS 38352 (S.D. CA, May 24, 2007); *Aboushaban v. Mueller et al.*, 2006 U.S. Dist. LEXIS 81076 (N.D. CA, Oct. 24, 2006); .

38. Mr. Kamal needs to have his background check completed and his adjustment of status application adjudicated in a reasonable period of time. He is suffering from legal disabilities and actual personal hardships until this is done.

### Prayer for relief

WHEREFORE, Plaintiff, Amer Kamel, prays that:

1. The Court compel Defendants and those acting under them to perform their duty to complete Mr. Kamel's background checks and adjudicate his adjustment of status application within a reasonable period time specified by this Court; and

2. The Court grant such further relief, including attorney fees and costs of this action, as may be just, lawful, and equitable.

Filed: 8/28/07

Scott D. Pollock
Attorney for Amer Kamel

Scott D. Pollock
Scott D. Pollock & Associates, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602
Telephone: (312) 444-1940
Fax: (312) 444-1950